UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER JORDAN OATWAY, | CASE NO. 2:24-cv-00523-LK |
| Plaintiff, | |
| v. | ORDER VACATING DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |
| EXPERIAN INFORMATION SOLUTIONS, INC. et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Tyler Jordan Oatway's Motion for Default against Defendant 700 Credit, LLC, Dkt. No. 24, and on 700 Credit's Motion Opposing Plaintiff's Motion for Default Judgment as Moot, Dkt. No. 41. For the reasons set forth below, the Court vacates the default and denies Oatway's motion for default judgment.

I. BACKGROUND

In July 2023, Oatway sought to purchase a car from dealer Definitive Motors. Dkt. No. 1 at 12. Definitive Motors ran a credit check and obtained reports from the three major credit reporting agencies, including Defendant Experian Information Solutions, Inc., through 700 Credit,

1  which is a reseller of credit information. *Id.* at 12–13. The report from 700 Credit had "red flags"
2  and falsely showed Oatway as "deceased." *Id.* at 13–14. Ultimately, Oatway was able to purchase
3  a car, but he paid a higher rate of interest because of the delay. *Id.* at 15–16.

4         Oatway initiated this action on April 17, 2024, asserting claims under the Fair Credit
5  Reporting Act ("FCRA"), 15 U.S.C. § 1681. *Id.* at 1, 16–18. He seeks actual, statutory, and
6  punitive damages under the FCRA as well as attorney's fees and costs. *Id.* at 18.

7         On April 29, 2024, Oatway filed proof of service as to 700 Credit in the form of a sworn
8  affidavit from a process server, attesting that she served the summons on an individual named
9  Melisa Jimenez, "who is designated by law to accept service of process on behalf of . . . 700 Credit,
10 LLC[.]" Dkt. No. 4 at 3. The summons was addressed to 700 Credit via its registered agent, CSC–
11 Lawyers Incorporating Service in Lansing, Michigan. Dkt. 1-3 at 1. When 700 Credit did not
12 appear or respond to the complaint, Oatway moved for default against it, and the Clerk entered
13 default against 700 Credit on May 28, 2024. Dkt. Nos. 8, 13. Approximately two months later,
14 Oatway filed this motion for default judgment. Dkt. No. 24.

15        On September 16, 2024, the Court issued an Order to Show Cause, directing Oatway to
16 provide further documentation to establish that 700 Credit was properly served. Dkt. No. 25. In
17 response, Oatway provided a sworn affidavit from Scott A. VanOchten, the Director of Operations
18 for Swift Process Servers, LLC, attesting that Melissa Jimenez is an administrative assistant at
19 CSC-Lawyers Incorporating Service, 700 Credit's registered agent. *See* Dkt. Nos. 26, 28 at 1.
20 Further, VanOchten attested that service was made at CSC's address at 3410 Belle Chase Way,
21 Suite 600, Lansing, MI, which is the address of 700 Credit's registered agent as shown on the State
22 of Michigan's public database of registered corporations. Dkt. No. 28 at 1; Dkt. No. 28-1. The
23 affidavit further included a geotagged photograph of the location of service. Dkt. No. 28-2. The
24 Court thus discharged its Order to Show Cause. Dkt. No. 29. Oatway then served 700 Credit with

ORDER VACATING DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT - 2

the summons and motion for default judgment at a different address. Dkt. No. 36 at 3. Following that service, 700 Credit appeared and filed a motion opposing the motion for default judgment. Dkt. Nos. 38, 41.

## II.  DISCUSSION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Oatway's claim arises under the FCRA.

### A.  Legal Standards

Obtaining a default judgment is a two-step process. First, the moving party must obtain an entry of default. Fed. R. Civ. P. 55(a). And second, the moving party must request a default judgment from the clerk or apply for one from the court. *Id.* 55(b); *see also* LCR 55(b)(1).

A court's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The moving party bears the burden of demonstrating good cause. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). The court must consider three factors: (1) whether the movant engaged in culpable conduct; (2) whether the movant has no meritorious defense; and (3) whether setting aside the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The three-factor standard is "disjunctive," meaning that the court may decline to set aside the default if it finds that any one of the factors is true. *Mesle*, 615 F.3d at 1091; *see also Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

For the first factor, "a defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (citation omitted). Under that standard, a failure to answer is culpable only if the defendant "acted with bad faith, such as an intention to take advantage of the opposing party,

interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (quotation marks and citation omitted). Under the second factor, the defendant must present "specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700. And third, the prejudice from setting aside the default must be more than delaying resolution of the case or forcing other parties to litigate. *Id.* at 701. Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citation omitted).

"The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When evaluating whether to set aside a default, courts should consider that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). District courts should "resolve[] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

**B.    The Court Vacates the Default and Denies the Motion for Default Judgment**

700 Credit contends that the Court should deny Oatway's motion as moot because it has appeared and "default is only appropriate where a 'party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Dkt. No. 41 at 2 (quoting Fed. R. Civ. P. 55(a)). 700 Credit ignores the fact that the Court previously entered default against 700 Credit when it failed to appear or otherwise defend. Dkt. No. 13. Now, 700 Credit must show that the Court should vacate the default; only if the Court does so will the motion for default judgment be moot. *See, e.g*, *Roadguard Interlock LLC v. Sound Distribs. Inc.*, No. C24-0742-JLR, 2024 WL 4545003, at *4 (W.D. Wash. Oct. 22, 2024) (setting aside default and consequently denying

motion for default judgment as moot). The Court thus first considers the factors applicable to a motion to set aside a default.

First, there is no evidence that 700 Credit engaged in culpable conduct that led to the default. It does not explain why it failed to appear even though its registered agent was served, or why it appeared only after being served at a different—again unexplained—address. Dkt. Nos. 36, 38. However, there is no evidence that it intentionally failed to appear to take advantage of Oatway or manipulate the legal process. As for the second factor, 700 Credit does not argue that it has a meritorious defense, *see generally* Dkt. No. 41, but its answer to the complaint reveals that it might have such a defense, *see* Dkt. No. 43 at 13 (700 Credit's answer asserting that it "followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report(s)"). The third factor favors vacating the default because Oatway does not contend that he will be prejudiced if the default is vacated. In fact, he did not respond to 700 Credit's motion at all, which the Court construes as an admission that the motion has merit. LCR 7(b)(2). In light of these factors and the principle that cases should be decided on their merits whenever possible, the Court vacates the entry to default against 700 Credit.

Now that the Court has vacated the default, the Court denies Oatway's motion for default judgment as moot.

### III.  CONCLUSION

For the foregoing reasons, the Court VACATES the previously entered default, Dkt. No. 13, DENIES Oatway's motion for default judgment, Dkt. No. 24, and GRANTS 700 Credit's motion to deny the motion for default judgment, Dkt. No. 41.

Dated this 22nd day of November, 2024.

*Lauren King*
Lauren King
United States District Judge