UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER JORDAN OATWAY,<br><br>      Plaintiff,<br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. et al.,<br><br>      Defendants. | CASE NO. 2:24-cv-00523-LK<br><br>ORDER GRANTING MOTION TO AMEND |

   This matter comes before the Court on Plaintiff Tyler Oatway's Motion for Leave to Amend the Complaint. Dkt. No. 55. Defendant 700 Credit, LLC opposes the motion. Dkt. No. 56.[1] For the reasons set forth below, the Court grants the motion and permits Oatway to amend his complaint.

## I.  BACKGROUND

   In July 2023, Oatway sought to purchase a car from dealer Definitive Motors. Dkt. No. 1

---

[1] The matter is stayed as to Defendant Experian Information Solutions, Inc. pending the completion of arbitration proceedings. Dkt. No. 50 at 14. Because the Court can decide the matter based on the parties' filings, it denies 700 Credit's request for oral argument. Dkt. No. 56 at 1.

ORDER GRANTING MOTION TO AMEND - 1

at 12. Definitive Motors ran a credit check on July 31, 2023, and obtained Oatway's credit reports from the three major credit reporting agencies through reseller 700 Credit, LLC. *Id.* As part of this process, Experian sold a consumer report about Oatway to 700 Credit. *Id.* at 13. The report had "red flags" and falsely showed Oatway as "deceased." *Id.* at 13–14. Ultimately, Oatway was able to purchase a car, but claims he paid a higher rate of interest because of the delay. *Id.* at 15–16.

Oatway initiated this action on April 17, 2024, asserting a claim that 700 Credit failed to follow reasonable procedures under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), and contending that he suffered damages as a result of the false report. Dkt. No. 1 at 1, 16–17. Amended pleadings were due by October 4, 2024, discovery must be completed by May 19, 2025, and trial is set for November 3, 2025. Dkt. No. 23 at 1–2.

On March 31, 2025, Oatway filed this motion to amend his complaint to add a claim for violation of 15 U.S.C. §1681i(f) against 700 Credit. Dkt. No. 55 at 4; *see also* Dkt. No. 55-2 at 5, 17–18, 20–22 (proposed first amended complaint). Oatway contends that he believed he had initiated the dispute resolution process with 700 Credit in August 2023, but learned during a February 24, 2025 deposition that 700 Credit had no record of initiating a formal dispute process. Dkt. No. 55 at 3. Specifically, he seeks to add allegations that on August 2, 2023, he emailed 700 Credit to verify that he was being reported as deceased, and the next day, 700 Credit responded that it was "investigating this further with the dealership and Experian" and would let him know when it had an update. Dkt. No. 55-2 at 17. "However, 700 Credit never contacted Plaintiff again." *Id.* at 18. On February 24, 2025, 700 Credit's Rule 30(b)(6) designee testified that it never opened a dispute investigation, contacted Experian as the alleged source of the deceased report, or conducted any investigation into Oatway's dispute. *Id.*

## II. DISCUSSION

### A. Legal Standards Under Rule 15 and 16

Because the October 4, 2024 deadline to amend pleadings set by the Court's scheduling order has passed, Dkt. No. 23, Oatway must satisfy Rule 16(b)'s "good cause" standard. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Leave to amend is appropriate only if the amended pleading deadline could not be met despite the diligence of the moving party. *Id.* The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.*; *accord Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). When that is the case, the Court may deny leave to amend. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). The Court may likewise deny leave to amend if the moving party knew of the facts and theories at issue sufficiently in advance of the deadline to timely assert them. *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend where plaintiff's motion "came several months after the stipulated deadline for amending or supplementing the complaint" and "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline").

B.      **Oatway Has Shown Good Cause to Amend**

Oatway contends that good cause exists because before the February 24, 2025 deposition, he "was unaware that 700 Credit, LLC, failed to create a dispute case for Plaintiff, failed to forward Plaintiff's dispute to Experian, and failed to conduct any dispute reinvestigation whatsoever." Dkt. No. 55 at 4. He states that once he reviewed the transcript of the deposition that was sent to him by his attorney on March 5, 2025, he promptly conferred with 700 Credit's counsel and when those discussions were unsuccessful, filed this motion on March 31, 2025. *Id.* He avers that there is no evidence of bad faith or undue delay, and 700 Credit will not be prejudiced by the amendment, particularly because he is not seeking an extension of the impending May 19, 2025 discovery deadline. *Id.*

700 Credit responds that Oatway has not demonstrated good cause to extend the lapsed deadline to amend the pleadings because he "was on notice of substantially the same facts underlying Plaintiff[']s proposed reinvestigation claim now as when Plaintiff filed the initial Complaint." Dkt. No. 56 at 5. 700 Credit notes that Oatway's original complaint included allegations "about the purported deceased reporting," and the "only purported 'new' facts that Plaintiff learned now is that 700 Credit purportedly did not forward Plaintiff's dispute along to Experian." *Id.* Despite acknowledging the allegation of that new fact, 700 Credit simultaneously contends that Oatway has not provided any new facts, "only new theories," which do not justify late amendments. *Id.* at 6 (quoting *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 570–71 (9th Cir. 1987)).

But Oatway does allege new facts—700 Credit did not forward his dispute to Experian or investigate—and contends that he first learned of them during the February 24, 2025 deposition. Dkt. No. 55 at 3–4. It thus does not appear that he "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. 700 Credit

ORDER GRANTING MOTION TO AMEND - 4

does not dispute, and the Court finds, that Oatway promptly moved to amend his complaint after the deposition and conferring about the matter with 700 Credit. Dkt. No. 55 at 3–4. Oatway was therefore sufficiently diligent and has demonstrated good cause to extend the deadline to amend the pleadings.

C.     **Leave to Amend is Appropriate Under Rule 15(a)**

Having found that Oatway has met the standard under Rule 16(b), the Court turns to the requirements of Rule 15. Rule 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g., Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the

ORDER GRANTING MOTION TO AMEND - 5

1  remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears
2  the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No.
3  C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

4      700 Credit argues that Oatway has delayed because he "was on substantial notice of the
5  same facts underlying [his] purported reinvestigation claim a year ago when the Complaint was
6  filed as now." Dkt. No. 56 at 6. However, as set forth above, Oatway alleges—and 700 Credit does
7  not dispute—that he learned new facts at the February 2025 deposition. 700 Credit next argues
8  that permitting the amendment would be prejudicial because it might want to disclose an expert or
9  a rebuttal expert to address Oatway's new theory, *id.* at 7, but the deadlines to do so passed on
10 March 28 and April 18, 2025, respectively, Dkt. No. 23 at 1. The Court does not discount the
11 potential disruption to the case schedule, but any resulting prejudice can be mitigated by a motion
12 to extend the deadlines, should 700 Credit choose to file one.

13     700 Credit also argues that the proposed amendment would be futile. Dkt. No. 56 at 7. To
14 allege a reinvestigation claim against a reseller, a plaintiff must allege that the reseller "receive[d]
15 a notice from a consumer of a dispute concerning the completeness or accuracy of any item of
16 information contained in a consumer report on such consumer produced by the seller[.]" 15 U.S.C.
17 § 1681i(f). 700 Credit contends that Oatway cannot meet this element because Experian told him
18 that he was not being reported as deceased on his credit report. Dkt. No. 56 at 7; *see also id.* at 8
19 ("Plaintiff admits that he had already been told that he was not being reported as deceased.").
20 Oatway's actual allegations are more nuanced. He avers that on July 31, 2023, Definitive Motors
21 gave him a partial copy of his credit report, which showed that "Experian was reporting Plaintiff
22 as deceased and without [a] credit score." Dkt. No. 55-2 at 14. He called Experian on the same
23 day, and the representative "said that Plaintiff was not being reported as deceased in their records.
24 However, Defendant's representative also confirmed that 9001 code is a deceased code used by

ORDER GRANTING MOTION TO AMEND - 6

Experian." *Id.* at 15. On August 2, 2023, 700 Credit confirmed by phone and email "that it was Experian that reported Plaintiff with a deceased code." *Id.* at 16 (averring that 700 Credit stated in an email to Oatway that "Experian (PreciseID) . . . returned a score of 9001, which is deceased."). On August 3, 2023, a representative from 700 Credit emailed Oatway stating that she was "investigating this further with the dealership and Experian" and would send him an update, which never occurred. *Id.* at 17. These allegations plausibly allege that although Experian told Oatway that it was not reporting him as deceased, it was in fact doing so (at least to 700 Credit). 700 Credit also contends that Oatway never triggered 700 Credit's obligation to investigate because "Plaintiff failed to provide notice of a dispute, and Plaintiff alleges that he told 700 Credit that Experian and [sic] already investigated the issue for him." Dkt. No. 56 at 8. However, Oatway contends that he did provide notice of a dispute and informed 700 Credit that the issue was unresolved. Dkt. No. 55-2 at 17.

700 Credit further argues that the amendments would be futile "because Plaintiff fails to allege that 700 Credit's alleged failure to reinvestigate caused him harm." Dkt. No. 56 at 8. It states that Section 1681o requires proof that he suffered "actual damages," which it claims Oatway has not alleged. Dkt. No. 56 at 8–9. Oatway's proposed amended complaint alleges that he "suffered damage by loss of financing; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials." Dkt. No. 55-2 at 19; *see also id.* at 18 (alleging that when he was finally able to purchase a car in September or October 2023, he "paid a higher interest rate than he should have (but for the deceased reporting by Defendant) because of the delay in getting approved."). While 700 Credit may dispute the truth of these allegations, they are sufficient at the pleading stage.

ORDER GRANTING MOTION TO AMEND - 7

Finally, 700 Credit contends that Oatway seeks leave to amend in bad faith. Dkt. No. 56 at 9. It argues that "[t]he undisputed evidence shows that Plaintiff was not denied credit on July 31 because of any 'deceased reporting,' but because Plaintiff's debt-to-income ratio was too high." *Id.* Bad faith may exist when a proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs*, 170 F.3d at 881. At this stage in the proceedings and based on the limited record, the reason that Oatway was denied credit presents a "factual dispute that will need to be resolved as this case proceeds," so his motion to amend is not evidence of bad faith. *Gwitchyaa Zhee Corp. v. Alexander*, No. 4:18-cv-0016-HRH, 2019 WL 93498, at *2 (D. Alaska Jan. 3, 2019); *cf. Shelton v. Liquor and Cannabis Bd.*, No. C22-5135 BHS, 2022 WL 2651617 (W.D. Wash. July 8, 2022) (noting that "the court may deny leave to amend" when "the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law"). Leave to amend is therefore warranted.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Oatway's Motion for Leave to Amend the Complaint. Dkt. No. 55. Oatway must file his first amended complaint in the docket within seven days of the date of this Order.

Dated this 6th day of May, 2025.

*Lauren King*

Lauren King
United States District Judge