UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER JORDAN OATWAY,<br><br>                        Plaintiff,<br>    v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. et al.,<br><br>                        Defendants. | CASE NO. 2:24-cv-00523-LK<br><br>ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION |

      This matter comes before the Court on two motions from Plaintiff Tyler Jordan Oatway. First, he seeks an order partially lifting the Court's order staying the litigation of his claims against Defendant Experian Information Solutions, Inc. and extending certain deadlines by 30 days. Dkt. No. 62 at 1. Second, he filed a Renewed Motion to Compel and Motion for Leave to File Late Discovery Motion. Dkt. No. 65.[1] The Court considers the motions together because they both seek relief from the case schedule. For the reasons set forth below, the Court denies both motions.

---

[1] The Court struck the motion to compel portion of this filing because Oatway had not obtained permission to file that discovery motion after the deadline. Dkt. No. 66 (stating that the Court would consider only the portion of the motion that seeks leave to file a late discovery motion).

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 1

# I. BACKGROUND

In July 2023, Oatway sought to purchase a car from dealer Definitive Motors. Dkt. No. 59 at 12. Definitive Motors ran a credit check on July 31, 2023, and obtained Oatway's credit reports from the three major credit reporting agencies through Defendant 700 Credit, LLC, which is a reseller of consumer information. *Id.* The same day, Experian sold a consumer report about Oatway to 700 Credit. *Id.* According to Oatway, the report contained "red flags" and falsely showed him as "deceased." *Id.* at 13.

Oatway initiated this action on April 17, 2024, asserting a claim against 700 Credit and Experian for failing to follow reasonable procedures under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), and contending that he suffered damages as a result of the false report. Dkt. No. 1 at 1, 16–17. In July 2024, the Court issued a scheduling order that included an April 18, 2025 deadline to file motions related to discovery, a May 19, 2025 deadline to complete discovery, a June 16, 2025 deadline for dispositive motions, and a November 3, 2025 trial date. Dkt. No. 23 at 1–2.

## A. The Court Stayed the Matter as to Experian

On November 25, 2024, the Court granted Experian's motion to compel arbitration and stayed the case as to Experian pending the completion of the arbitration. Dkt. No. 50 at 14. The case is not stayed as to 700 Credit. *Id.* On May 13, 2025, Oatway filed the motion to partially lift the stay as to Experian "for the limited purpose of discovering specific information from Experian in support of Plaintiff's claims against Defendant 700 Credit, LLC[.]" Dkt. No. 62 at 1. Oatway contends that he needs discovery from Experian because "one of the central factual issues in this case involves identifying the source of the erroneous deceased notation about Plaintiff." *Id.* at 5. He avers that although he "has conducted extensive discovery on this issue, [he] is no closer to

resolving it . . . because discovery has produced incompatible accounts of what happened in connection with [his] application." *Id.* Experian opposes the motion. Dkt. No. 67.

**B.      Oatway Moved to Compel Discovery**

On May 19, 2025, Oatway filed a motion to compel discovery responses from Defendant 700 Credit. Dkt. No. 63. The Court denied the motion because the discovery deadline had passed, the close of discovery was May 19, 2025, and "Oatway could have—but did not—seek any extensions of these deadlines relative to 700 Credit[.]" Dkt. No. 64. Nor did his motion address the relevant legal standards. *Id.* The Court further emphasized that "Oatway's motion, noted for June 9, 2025," not only "violate[d] the Court's scheduling order, Dkt. No. 23," but also violated Local Civil Rule 7(j) and "promise[d] to disrupt the remainder of the trial schedule, as dispositive motions are due June 16, 2025—only seven days after the noting date." *Id.*

This motion followed and is based on Oatway's contention that he has received incomplete discovery responses from 700 Credit. *See generally* Dkt. No. 65. Oatway received responses to his first set of written discovery requests in November 2024, Dkt. No. 65-5 at 2–8, and to his second set on April 7, 2025, Dkt. No. 65-3 at 9. He took 700 Credit's Rule 30(b)(6) deposition on February 24, 2025. Dkt. No. 65 at 6; Dkt. No. 65-2 at 8. He contends that since the deposition, he "has been working diligently with Defendant's counsel to obtain documents and information directly relevant to [his] claims." Dkt. No. 65 at 6.

The parties met and conferred about the second set of discovery responses on April 16, 2025. Dkt. No. 65-3 at 4. Again, the deadline to file discovery motions was April 18, 2025. Dkt. No. 23 at 2. After some back and forth with 700 Credit, Oatway "suspected that a discovery motion might be required" on May 16, 2025, when he received an email from 700 Credit's counsel stating, among other things, that 700 Credit did not possess certain data and reiterating the substance of its discovery responses. *Id.* at 4, 6, 9; *see also* Dkt. No. 65-3 at 2–3. Oatway's motion for leave to file

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 3

a late discovery motion followed on May 27, 2025. Dkt. No. 65. 700 Credit filed a brief in opposition, Dkt. No. 69, and Oatway did not reply to its opposition.

## II. DISCUSSION

### A. The Court Will Not Partially Lift the Stay

Section 3 of the Federal Arbitration Act ("FAA"), entitled "Stay of proceedings where issue therein referable to arbitration," provides that when any issue in a suit is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The Supreme Court has held that "[t]hat plain statutory text requires a court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). Consequently, the FAA "requires courts to stay court proceedings on issues subject to arbitration 'until such arbitration has been had in accordance with the terms of the agreement.'" *Tillman v. Tillman*, 825 F.3d 1069, 1073 (9th Cir. 2016) (quoting 9 U.S.C. § 3). Courts can lift a stay after an arbitration has ended, whether on the merits or for another reason recognized by the applicable arbitration rules, such as for non-payment of fees. *See id.* at 1074; *see also Miller v. Plex, Inc.*, No. 22-cv-05015-SVK, 2024 WL 348820, at *2 (N.D. Cal. Jan. 30, 2024) ("The Court may lift the stay in this action only if it first determines that 'arbitration has been had in accordance with the terms of the [Parties'] agreement.'" (quoting 9 U.S.C. § 3)).

Here, the Court previously found that the dispute between Oatway and Experian is subject to arbitration under American Arbitration Association ("AAA") rules, Dkt. No. 50 at 7; *see also* Dkt. No. 31-1 at 9, 31–32, and Oatway does not contend that the arbitration has concluded under AAA rules (through a final decision or otherwise). To the contrary, Oatway has not filed his arbitration demand with AAA yet. Dkt. No. 62 at 7. Nevertheless, Oatway argues that the Court should effectively view Experian as a third party and allow him to seek the discovery through a

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 4

Rule 45 subpoena. *Id.* at 11–12. He argues that "the information would be obtainable through a Rule 45 subpoena had Experian not originally been a party to the case" and that "only the disjunction between the litigation and arbitration schedules has prevented disclosure of the sought information for Plaintiff's claims against 700 Credit." *Id.* These realities are of Oatway's own making: he chose to name Experian as a Defendant—so it is not a third party—and he entered into an agreement to arbitrate, *see* Dkt. No. 50 at 6–7. That arbitration agreement notified Oatway that arbitration "allows for more limited discovery than in court," Dkt. No. 31-1 at 8, and that discovery would "be governed by the AAA Rules," *id.* at 9–10. *See also id.* at 62–63.[2] Oatway cannot make an end run around the arbitration agreement by seeking discovery in this action under the Federal Rules of Civil Procedure.

Despite the clear provisions of the FAA and the arbitration agreement, Oatway argues that the Court has discretion to lift the stay. Dkt. No. 62 at 7–8. Experian responds that *Smith* precludes lifting the stay because "where, as here, 'a party requests a stay pending arbitration,' section 3 of the Federal Arbitration Act requires that a stay be entered." Dkt. No. 67 at 1 (quoting *Smith*, 601 U.S. at 478). Thus, lifting the stay so Oatway can conduct discovery "runs headlong into *Smith*[.]" *Id.* Oatway replies that *Smith* does not prohibit a partial lifting of the stay to allow him to seek discovery from Experian because *Smith* "pertains only to questions about whether and when a district court has discretion to dismiss a claim instead of staying it when the claim is subject to arbitration." Dkt. No. 68 at 1–2. Oatway reads *Smith*—and the FAA—too narrowly. The Court in *Smith* held that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."

---

[2] *See also* https://www.adr.org/media/lwanubnp/2025_commercialrules_web.pdf (last visited June 11, 2025) (AAA discovery rules for commercial disputes); https://www.adr.org/media/f5yniyku/consumer-related-disputes-supplementary-procedures-sep-15-2005.pdf (last visited June 11, 2025) (AAA Consumer-Related Disputes Supplementary Procedures).

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 5

601 U.S. at 478. Neither that holding nor the plain language of the FAA permits a carveout for discovery during the stay. Instead, "[t]he FAA . . . mandates that the stay remain." *Miller*, 2024 WL 348820, at *2.

Moreover, "the use of the word 'shall' creates an obligation impervious to judicial discretion." *Smith*, 601 U.S. at 476 (citation modified). None of the cases Oatway cites in support of his argument that the Court has discretion to partially lift the stay involved the FAA. *See* Dkt. No. 62 at 7–8. The Court lacks discretion to partially lift the stay under these circumstances, and it consequently denies Oatway's motion.

**B.     The Court Will Not Extend Case Deadlines**

    1.     Legal Standards

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). Instead, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court." LCR 16(m)(1). Furthermore, Local Civil Rule 7(j) cautions that "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

Federal Rule of Civil Procedure Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is appropriate if the current deadline cannot be met despite the diligence of the moving party. *Id.* Carelessness is incompatible with a finding of diligence. *Id.* The party seeking to modify the scheduling order bears the burden of demonstrating good cause under Rule 16. *Zivkovic*, 302 F.3d at 1088. And when the deadline has

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 6

already passed, a party must also show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect focuses on the equities underlying whether to excuse a party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

When ruling on a motion to amend a Rule 16 scheduling order would reopen discovery, the Ninth Circuit instructs district courts to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation modified). The Court's inquiry focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *accord Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

2. Motion to Lift the Stay

In his motion to lift the stay with respect to Experian, Oatway seeks a 30-day extension of "all outstanding case deadlines" for "the sole purpose of permitting [him] to obtain limited discovery from Experian" because "it was not until Plaintiff's April 7, 2025 deposition of Definitive Motor's finance manager who handled Plaintiff's potential purchase, that Plaintiff learned (through proof documents) that 700 Credit was not responsible for the incorrect SSN." Dkt. No. 62 at 3, 9, 14. His motion—noted for June 3, 2025 (over two weeks after the May 19, 2025 deadline to complete discovery) runs afoul of Local Civil Rule 7(j), which requires motions for relief from a deadline to "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." The only exception to this Rule is for "true, unforeseen emergenc[ies]," LCR 7(j), which did not occur here. Again, Oatway's extension request did not

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 7

encompass discovery from 700 Credit; rather, he sought the extension solely to obtain discovery from Experian. Dkt. No. 62 at 9. That request is denied as moot because, as explained above, Oatway is not entitled to discovery from Experian during the stay, Dkt. No. 50.

In the "Background" section of his motion, Oatway includes a vague statement that his recent discovery requests to a third party "may necessitate follow-up discovery with 700 Credit, which could not be completed in accordance with the Court's current scheduling order." Dkt. No. 62 at 6. That speculation does not present a ripe issue, nor does Oatway address whether his "recent" requests to the third party were diligent. More importantly, though, this statement in the "Background" section, coupled with Oatway's repeated statements that his requested extension was "solely" for the "limited purpose" of obtaining discovery from Experian, *id.* at 1, provides insufficient notice to 700 Credit that Oatway's motion to lift the stay implicated discovery relative to 700 Credit.[3] The Court thus does not entertain any extension relative to 700 Credit in the motion to lift the stay, and denies Oatway's request for a 30-day extension to obtain discovery from Experian.

3.  Motion for Leave

In his motion for leave to file a motion to compel, Oatway seeks an extension of the April 18, 2025 deadline to file discovery motions (and a concomitant extension of the May 19, 2025 discovery completion deadline) so he can file a motion to compel against 700 Credit. He notes that "an internal error resulted in the April 18, 2025, [discovery motion] deadline not being properly calendared. Because of this, Plaintiff was unaware that the deadline for discovery motions had passed until receiving the Court's docket entry denying the Original Motion." Dkt. No. 65 at 13.

---

[3] Oatway adds that 700 Credit noticed the deposition of Oatway's expert for May 13, but Oatway and his expert were not available before the May 19, 2025 discovery deadline. *Id.* at 13. None of the parties address this scheduling issue further, so the Court assumes it has been resolved in the meantime (and regardless, the Court has insufficient information to resolve it now).

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 8

To the extent this truly was a calendaring error, counsel's mistake does not demonstrate diligence or excusable neglect. *See Johnson*, 975 F.2d at 609; *Ski Lifts, Inc. v. Schaeffer Mfg., Co.*, No. C19-0062-JCC, 2020 WL 978505, at *2 (W.D. Wash. 2020) (finding that a "calendaring error . . . does not constitute good cause under Rule 16"). Since the Court entered the scheduling order in July 2024, Dkt. No. 23, Oatway "has had continuous access to the Court's docket during the pendency of this case," *Ski Lifts*, 2020 WL 978505, at *2, so he has had ample notice of the deadline. In fact, Oatway's prior briefing demonstrates that he was well aware of the case deadlines: he filed a motion on March 31, 2025 moving for relief from a different deadline, but expressly stating that he was not seeking to extend the deadline for discovery motions. Dkt. No. 55 at 1, 4. As with his motion to lift the stay, Oatway's motions attempting to obtain late discovery from 700 Credit violated Rule 7(j); the earliest noting date was June 9, 2025, Dkt. No. 63, well after the deadline for discovery motions and close of discovery.

In addition to the calendaring error, Oatway argues that he has been diligent because he has "attempt[ed] to cooperate with Defendant's counsel to obtain the discovery at issue . . . since February 25, 2025," when his counsel took the deposition of 700 Credit's corporate representative. Dkt. No. 65 at 6, 12. Oatway contends that "the need for a discovery motion was not apparent to Plaintiff until May 16, 2025," when he received an email from 700 Credit's counsel. *Id.* at 6, 12–13. According to Oatway, the May 16, 2025 email indicated that 700 Credit (1) no longer retained certain raw data, *id.* at 4, (2) "declined to provide further information about the specific contents of [its] policies and procedures" "to assure the accuracy of SSN information pertaining to automobile loan applications" beyond what it had already provided in discovery, *id.* at 5, and (3) "declined to identify the number of or provide contact information for any of its dispute agents, except the individual who communicated directly with Plaintiff," *id.* at 6.

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 9

700 Credit responds that Oatway had sufficient information to bring his motion before he received the May 16 email. Dkt. No. 69 at 3. 700 Credit provided timely discovery responses on November 29, 2024 (to Oatway's first set of discovery requests), and on April 7, 2025 (to Oatway's second set of discovery requests). *Id.* at 2. Its April 7 discovery responses included objections based on relevance and proportionality. *Id.* at 3. Counsel then conferred on April 16, 2025, and 700 Credit's counsel "agreed to consider some [of Plaintiff's] requests" and "asked counsel for Plaintiff for . . . supplemental authority that supported some requests." *Id.* at 2. 700 Credit further states that its counsel "did not promise to change any of 700 Credit's objections, or to provide any responses on any timeline. Counsel for Plaintiff thus was aware of the purported discovery disputes that Plaintiff now seeks to move to compel regarding before the April 18 deadline sufficient to file any motion to compel." *Id.* at 3.[4]

The Court agrees that Oatway had sufficient information to bring his motion to compel—or to file a motion to extend the deadline for discovery-related motions—before the April 18, 2025 deadline. The May 16, 2025 email, Dkt. No. 65-3 at 2–3, appears to be a reiteration of 700 Credit's previously asserted discovery responses and deposition testimony, of which Oatway was aware before the deadline for discovery-related motions. As discussed above, Oatway was aware of the case deadlines. His multiple post-deadline motions for relief do not demonstrate diligence. Dkt. No. 62 (motion filed on May 13, 2025 for a partial lifting of the stay regarding Defendant Experian and a 30-day extension of case deadlines); Dkt. No. 63 (May 19, 2025 motion to compel).

Even assuming without deciding that Oatway's discovery would lead to relevant evidence, reopening discovery at this late stage would disrupt trial and the remaining case schedule, prejudicing 700 Credit. As 700 Credit notes, dispositive motions and motions challenging expert

---

[4] 700 Credit made supplemental productions on May 8 and 19, 2025. Dkt. No. 70 at 2.

ORDER DENYING MOTIONS TO LIFT THE PARTIAL STAY AND TO FILE LATE DISCOVERY MOTION - 10

witness testimony are due just four days from the date of this Order. Dkt. No. 69 at 1. Even if the Court had ruled on Oatway's motion for leave within a day of its noting date (June 10, 2025), and Oatway had filed his motion to compel the same day, it would be noted for July 1, 2025. LCR 7(d)(3). Thus, the June 16, 2025 dispositive motions deadline would have to be extended by the time it took the Court to rule on the motion to compel, 700 Credit to turn over discovery, and the parties to then prepare dispositive motions. This, in turn, would require rescheduling of all remaining deadlines in the case schedule, including motions in limine and trial. Standing Order for All Civil Cases, Dkt. No. 18-1 at 2–3 (explaining scheduling constraints associated with dispositive motions relative to the trial date). Meanwhile, 700 Credit avers that it has abided by the case schedule, Dkt. No. 69 at 2—an assertion Oatway did not contest in a reply brief—and is prepared to timely proceed to the next phase of the case, Dkt. No. 71. *See also* Dkt. No. 65-2 at 2 ("700 Credit does not want to unnecessarily prolong this discovery process").

For all of these reasons, and primarily because Oatway has not been diligent, he is not entitled to an extension of the deadlines to file discovery-related motions and to complete discovery, and the Court denies the motion. The remainder of the case schedule remains in effect.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Oatway's motion to partially lift the stay and to extend certain deadlines, Dkt. No. 62, and DENIES his motion for leave to file a late discovery motion, Dkt. No. 65.

Dated this 12th day of June, 2025.

*Lauren King*
Lauren King
United States District Judge