UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER JORDAN OATWAY,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 2:24-cv-00523-LK<br><br>ORDER DENYING MOTION TO<br>CONTINUE TRIAL DATE;<br>CONTINUING TRIAL TO<br>DECEMBER 1, 2025 |

This matter comes before the Court on Plaintiff Tyler Oatway's Motion to Continue Trial and All Remaining Deadlines by Approximately 60-days. Dkt. No. 104. Defendant 700 Credit opposes the motion, Dkt. No. 107, and Oatway did not file a reply. For the reasons set forth below, the Court denies the motion but continues the trial date to December 1, 2025 to accommodate other Court business.

**I.　BACKGROUND**

Oatway filed his complaint in April 2024, Dkt. No. 1, and in July 2024, the Court set a November 3, 2025, trial date, Dkt. No. 23. The Court subsequently granted the parties' stipulated

ORDER DENYING MOTION TO CONTINUE TRIAL DATE; CONTINUING TRIAL TO DECEMBER 1, 2025 - 1

motion to extend the briefing schedule for their cross motions for summary judgment, and continued the trial date to November 17, 2025. Dkt. Nos. 88, 89. On September 19, 2025, the Court granted in part and denied in part both parties' motions for summary judgment, Dkt. No. 99, and on September 24, 2025, referred this case to Magistrate Judge Grady Leupold for a settlement conference, Dkt. No. 101. On October 6, 2025, Oatway filed this motion to continue the trial date and other pretrial deadlines, including two deadlines that passed before he filed this motion. *See generally* Dkt. No. 104.

## II. DISCUSSION

### A. Legal Standard

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* In the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6). In evaluating whether a party has been diligent, some courts consider:

> whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the

movant was diligent in seeking amendment once the need to amend became apparent.

*United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (citation omitted). As the moving party, Oatway has the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022).

When deadlines have already passed, as the deadlines for a settlement conference and for Oatway to submit his portion of the proposed pretrial order have here, *see* Dkt. No. 104 at 2, a party must also show "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect focuses on the equities underlying whether to excuse a party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("conclud[ing] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

**B.      Oatway Has Not Been Diligent or Shown Excusable Neglect**

Oatway argues that a 60-day continuance "will allow the Parties to meaningfully participate in the settlement conference without incurring additional fees related to pretrial submissions and trial deadlines in the interim, which will serve only to further drive the parties apart in terms of settlement prospects." Dkt. No. 104 at 1. 700Credit opposes the motion and responds that the upcoming settlement conference is not a reason to delay trial because that "conference is voluntarily" and "700Credit LLC offered dates earlier than the one plaintiff selected." Dkt. No. 107 at 1.

Oatway has not demonstrated good cause or excusable neglect. The parties could have engaged in alternative dispute resolution at any time in the year and a half this case has been pending, and did not need to await the Court's referral to a magistrate judge to do so. Nor has Oatway provided any explanation for declining the earlier settlement conference dates 700Credit

ORDER DENYING MOTION TO CONTINUE TRIAL DATE; CONTINUING TRIAL TO DECEMBER 1, 2025 - 3

proposed, *see id.*, even though an earlier settlement conference could have saved the parties from "incurring additional fees related to pretrial submissions and trial deadlines in the interim" as Oatway himself notes. Dkt. No. 104 at 1.

Because Oatway has not been diligent, the inquiry ends, and the Court denies his motion. *See Johnson*, 975 F.2d at 609. However, to accommodate other Court business, including time-sensitive hearings in criminal cases during the week of November 17, 2025, the Court continues the trial date to December 1, 2025.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Oatway's Motion to Continue Trial and All Remaining Deadlines by Approximately 60-days. Dkt. No. 104. The Court CONTINUES the trial date to December 1, 2025 to accommodate other Court business, and RESCHEDULES the pretrial conference for November 21, 2025 at 10:00 a.m. All other deadlines remain the same.

Dated this 21st day of October, 2025.

Lauren King
United States District Judge